# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

April 7, 2025

**By ECF**

Hon. Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

[Handwritten annotation: Denied without prejudice to renewal with a more fulsome description of the defendant's employment and payment of restitution. /s/ Denise Cote 4/8/25]

Re:   United States v. Sunday Okoro,
      S1 20 Cr. 179 (DLC)

Dear Judge Cote:

We represent Sunday Okoro and write to request an order terminating his supervised release. The United States Probation Office has no objection to this request and the government takes no position.

On March 5, 2021, Mr. Okoro pled guilty to a single count of conspiracy to commit bank fraud, pursuant to 18 U.S.C. § 1349. On June 2, 2021, the Court sentenced Mr. Okoro principally to a Guidelines sentence of 41 months' imprisonment and a three-year term of supervised release. The Court ordered Mr. Okoro to forfeit $1,714,412 and to pay $359,140 in restitution jointly and severally with his codefendants.

Mr. Okoro was released from custody on July 21, 2023. He has been on supervised release for approximately 626 days, or a little less than 21 months. There have been no reported violations or other incidents associated with Mr. Okoro's term of supervision.

The Court may terminate a term "any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this assessment, the Court should consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e).

Morvillo Abramowitz Grand Iason & Anello P. C.

Hon. Denise L. Cote
April 7, 2025
Page 2

*Section 3553(a)(1) (the "nature and circumstances of the offense and the history and characteristics of the defendant")*: Mr. Okoro was convicted of facilitating a fraudulent scheme by opening bank accounts using false information and transferring illicit money to his conspirators. At sentencing, Mr. Okoro was ordered to pay a large forfeiture sum representing the total amount of proceeds passing through his accounts – even though he himself made very little from the crime. This offense was an aberration for Mr. Okoro, who has otherwise led a law-abiding life. Mr. Okoro hopes that by terminating his supervised release he can devote additional time to gainful employment and assisting his family.

*Section 3553(a)(2)(B), (C) (the "need for the sentence imposed to afford adequate deterrence to criminal conduct . . . [and] protect the public from further crimes of the defendant")*: There is no need for specific deterrence. Mr. Okoro has not committed another crime since his release and has learned his lesson. Keeping Mr. Okoro on supervised release also does not serve general deterrence. To the extent that others may draw lessons about whether to commit crimes based on what happened to Mr. Okoro, the 41-month custodial sentence imposed by the Court is far more meaningful than the remaining 15 months of supervision.

*Section 3553(a)(2)(D) (the "need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner")*: Mr. Okoro is currently working as a driver, shuttling people back and forth from the airport. Mr. Okoro has not tested positive for any controlled substances during his supervision. There is no need for additional training or treatment.

*Section 3553(a)(4), (a)(5), (a)6) (the consideration of the Guidelines and any applicable policy statements, as well as the need to avoid unwarranted disparities)*: U.S.S.G. § 5D1.2 application note 5 notes that the court "is encouraged to exercise [early termination] authority in appropriate cases," especially where the defendant has shown through his conduct on release that he is less of a risk to the public. This is true of Mr. Okoro, who has had no problems during his term of supervision and has sought and secured gainful employment. While Mr. Okoro does not know how any of his codefendants are doing on their own terms of supervised release, it would not be an "unwarranted" disparity to terminate his term in any event given the success that he has demonstrated over the past 21 months.

*Section 3553(a)(7) (the "need to provide restitution to any victims of the offense")*: Mr. Okoro has been paying his Court-ordered restitution. The Probation Office is aware of this and, as mentioned, has no objection to this application.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Denise L. Cote
April 7, 2025
Page 3

      For these reasons, we respectfully request that the Court exercise its authority under 18 U.S.C. § 3583(e)(1) and terminate Mr. Okoro's supervised release at this time.

                                  Respectfully submitted,

                                  /s/ Telemachus P. Kasulis
                                Telemachus P. Kasulis

                                *Counsel to Sunday Okoro*

cc:    All counsel (via ECF)